IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James G. Blakely, *a.k.a James Gatewood Blakely, a.k.a. Jimmy G. Blakely*; | ) C/A No. 5:12-01289-TMC-KDW ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| Ann Hallman, Chief Grievance Coordinator, South Carolina Dept. of Corrections, Columbia, S.C.; Vera Jenkins, Grievance Clerk, Lieber Corr. Inst.; W.C. McCabe. Warden; Ms. R. Monette, Business Manager, Lieber Corr. Inst.; A/W McFadden, Assoc. Warden, Lieber Corr. Inst., | ) ) ORDER ) ) ) ) ) |
| Defendants. | ) |

This is a civil action filed by a state prisoner. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to district Court). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

By order issued on June 1, 2012, Plaintiff was given a specific time frame in which to bring this case into proper form. Plaintiff has complied with the court's order, and this case is now in proper form.

Plaintiff has also filed a document entitled "Motion for Enlargement of Time." [ECF No. 26]. Plaintiff's motion seeks additional time to "answer the Court's Report and Recommendation." *Id* While summary dismissal of this case is being recommended in a contemporaneously filed Report and Recommendation, no such document existed at the time Plaintiff submitted his motion. Therefore, Plaintiff's motion for an extension in this case shall be terminated as **moot**. Plaintiff will be afforded adequate time to object to the Report and Recommendation, upon issuance. It is noted, however, that Plaintiff has a Report and Recommendation pending in another civil action filed in this court. *See James G. Blakely v. Dr. Moore, et al.*, Civil Action No. 5:12-01214-MBS-KDW (D.S.C.).

**PAYMENT OF THE FILING FEE:**

By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350. *See* 28 U.S.C. § 1914. This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code. *See* 11 U.S.C. § 523(a)(17). The Prison Litigation Reform Act (PLRA) of 1996 permits a prisoner to file a civil action without **pre**payment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available. *See* 28 U.S.C. § 1915(a), (b). **The agency having custody of Plaintiff shall collect payments from Plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full filing fee is paid.** *See Torres v. O'Quinn*, 612 F.3d 237, 252 (4th Cir. 2010) ("We hold that 28 U.S.C. § 1915(b)(2) caps the amount of funds that may be withdrawn from an inmate's trust account at a maximum of twenty percent *regardless of the number of cases or appeals the inmate has filed*.") (emphasis in original).

**TO THE CLERK OF COURT**:

This case is subject to summary dismissal based on an initial screening conducted pursuant to 28 U.S.C. §1915 and/or 28 U.S.C. § 1915A. Therefore, the Clerk of Court shall ***not*** issue the summonses or forward this matter to the United States Marshal for service of process at this time.

As noted above, Plaintiff has a Report and Recommendation currently pending in another civil action before this court. Therefore, the Clerk of Court is directed to re-docket the motion filed in the instant action [ECF No. 26] as a motion for extension of time to respond to the Report and Recommendation in Plaintiff's pending civil case, *James G. Blakely v. Dr. Moore, et al.*, Civil Action No. 5:12-01214-MBS-KDW (D.S.C.).

IT IS SO ORDERED.

July 2, 2012  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge