UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James G. Blakely, <br> *a.k.a James Gatewood Blakely,* <br> *a.k.a. Jimmy G. Blakely*; <br><br>                      Plaintiff, <br><br> vs. <br><br> Ann Hallman, Chief Grievance Coordinator; <br> Vera Jenkins, Grievance Coordinator; <br> W.C. McCabe. Warden; <br> Ms. R. Monette, Business Office; <br> A/W McFadden; <br> Ms. Percy, Business Office; <br> Ms. Thomas, Grievance Clerk, <br><br>                      Defendants. | C/A No. 5:12-01289-MGL-KDW <br><br><br><br> Report and Recommendation |

James G. Blakely ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)DSC. Plaintiff, who is now incarcerated at McCormick Correctional Institution, files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint, Amended Complaint, and Second Amended Complaint in accordance with applicable law, the undersigned concludes that the case should be summarily dismissed without prejudice and without issuance and service of process.

**<u>Pro Se Review</u>**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint, Amended Complaint, and Second Amended Complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A;

the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 631 n.1 (4th Cir. 2003). Even under this less stringent standard, this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss a case in which a litigant seeks to proceed *in forma pauperis* at any time it determines the action is frivolous or fails to state a claim on which relief may be granted. *Weller v. Dep't of Soc. Serv.,* 901 F.2d 387, 391 (4th Cir. 1990).

## Background

The originally submitted Complaint in this case contained the claims and signatures of two state prisoners. ECF No. 1. Therefore, on May 30, 2012, the court issued an order directing the Clerk of Court to assign separate civil action numbers to each of the cases. ECF No. 10. By order issued on June 1, 2012, Plaintiff was directed to bring this case into proper form for initial review by submitting service documents and an amended complaint form. ECF No. 17. Plaintiff has complied with the court's order. ECF No. 22.

Plaintiff complains of actions that occurred while he was incarcerated at Lieber Correctional Institution ("LCI"). The Amended Complaint alleges that Defendant Ms. R. Monette failed to

provide Plaintiff with "requested legal materials for his court deadlines." ECF No 22, at 3. The amended pleading further complains that Defendant Monette requires Plaintiff to pre-sign debit forms requesting legal materials, and debits Plaintiff's account for legal papers and envelopes that are not received. *Id.* Plaintiff alleges that he has complained about Defendant Monette's actions to Defendant Associate Warden McFadden, and to Defendant Ann Hallman, Grievance Coordinator for the South Carolina Department of Corrections. *Id.*

The Amended Complaint next alleges that Defendant Vera Jenkins, Grievance Clerk at LCI, has refused to process numerous grievances filed by Plaintiff. *Id.* at 4. The amended pleading claims that Defendant Hallman has likewise failed to process Plaintiff's institutional grievances. *Id.* Plaintiff alleges that Defendants Jenkins, Hallman, and McCabe are withholding the grievances in an attempt to frustrate Plaintiff's ability to exhaust the institutional grievance system, thus, hindering his "timely access to the court." *Id.* at 5-6. Plaintiff seeks monetary damages for the Defendants' actions. *Id.* at 6-7.

On July 2, 2012, the undersigned issued a Report and Recommendation in this case. ECF No. 30. Thereafter, Plaintiff filed a motion to amend the Amended Complaint. ECF No. 32. The undersigned vacated the Report and Recommendation, ECF No. 46, and the court granted Plaintiff's motion to amend. ECF No. 49. Plaintiff's Second Amended Complaint alleges claims against two additional Defendants: Ms. Percy, Business Office; and Ms. Thomas, Grievance Clerk. ECF No. 51. The Second Amended Complaint claims that Defendant Thomas, "the head grievance Clerk" at LCI, refused to process Plaintiff's institutional grievances. *Id.* at 3. Defendant Percy, "the administrator of the Business Office," is named for requiring Plaintiff to pre-sign inmate debit forms prior to receiving legal supplies. *Id.* at 4. Plaintiff further claims that Defendant Monette has

3

deliberately overcharged Plaintiff for supplies. *Id.* The Second Amended Complaint seeks monetary damages for the Defendants' actions. *Id.* at 5-6. It is noted that Plaintiff did not include the originally named Defendants in the Second Amended Complaint's caption or "parties" section. However, as it appears that Plaintiff filed the Second Amended Complaint to add two new Defendants to the case, Plaintiff's Complaint, Amended Complaint, and Second Amended Complaint have been construed as one document, hereinafter referred to as the "pleadings."

## Analysis

A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, the pleadings allege that Defendants Hallman, Jenkins, McCabe and Thomas have violated Plaintiff's constitutional rights by refusing to process his institutional grievances. ECF No. 22 at 4, 6; ECF No. 51 at 3. However, inmates have no constitutionally protected right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Blagman v. White*, 112 F. Supp. 2d 534, 542 (W.D. Va. 2000)(inmate has no constitutional entitlement to grievance procedure); *Robinson v. S.C. Dept. Of Corr.*, C/A No. 5:10-2593-HMH-KDW, 2012 WL 851103 at *8 (D.S.C. Jan. 31, 2012), *adopted in* 2012 WL 851042 (Mar. 13, 2012). Therefore, Plaintiff's claims against Defendants Hallman, Jenkins, McCabe and Thomas, for failure

to process institutional grievances, should be summarily dismissed because they are not cognizable under 42 U.S.C. § 1983.

Plaintiff next alleges that Defendants Monette, McFadden, and Percy require Plaintiff to pre-sign debit forms, and that Defendant Monette is "wrongfully taking Plaintiff's funds or charging Plaintiff for materials Plaintiff is not receiving." ECF No. 22 at 5; ECF No. 51 at 4. The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, the Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester,* 52 F.3d 73, 75 (4th Cir. 1995). Thus, to the extent Plaintiff's claim sounds in negligence, he cannot bring this action under § 1983. *See DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200-203 (1989) (section 1983 does not impose liability for violations of duties of care arising under state law).

Moreover, an *intentional* deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available.[1] *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230-31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition from the plaintiff); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause because

---

[1] In South Carolina, prisoners may bring a civil action in state court for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 *et seq.*). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)).

5

South Carolina afforded a meaningful post-deprivation remedy for the loss of animals). In the instant action, Plaintiff complains that money has been intentionally and wrongfully debited from his prisoner account. Because Plaintiff has a meaningful post-deprivation remedy available at state law, his deprivation of property claims against Defendants Monette, McFadden, and Percy should be dismissed for failure to state a claim upon which relief may be granted.

Finally, the pleadings allege that Defendants' failure to process Plaintiff's grievances, and failure to provide legal materials, constitute denial of court access. It is well established that, to state a constitutional claim for denial of meaningful access to the courts, an inmate must allege specific injury resulting from the alleged denial. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded); *Michau v. Charleston Co.*, 434 F.3d 725, 728 (4th Cir. 2006) (finding *sua sponte* dismissal appropriate where the plaintiff did not explain how he was injured by alleged limitations on his court access); *see also Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (plaintiff failed to identify any actual injury resulting from official conduct); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993) (Prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access."). The pleadings filed in this case provide no facts to demonstrate that any of Plaintiff's pending civil actions were prejudiced, or in any way negatively impacted, by Defendants' alleged refusal to provide legal materials and/or process Plaintiff's grievances. As Plaintiff fails to allege that Defendants' actions resulted in any "actual injury" or impediment to a non-frivolous legal action, his denial of access to court claim is also subject to summary dismissal.

**Recommendation**

Accordingly, the undersigned recommends that this case be dismissed without prejudice and without issuance and service of process.[2]

IT IS SO RECOMMENDED.

February 13, 2013                                   Kaymani D. West
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[2] The United States Court of Appeals for the Fourth Circuit recently held that at least four summary judgment dismissals issued in Plaintiff's prior cases before this court, should count as "strikes" against Plaintiff pursuant to 28 U.S.C. § 1915(g). *Blakely v. Wards, et al.*, No. 11-6945, 2012 WL 6217609 at *6 (4th Cir. Dec. 14, 2012). Because Plaintiff filed the instant case several months prior to the Fourth Circuit's definitive ruling, the pleadings were reviewed pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A. It now appears that the case *sub judice* may also be recommended for summary dismissal pursuant to § 1915(g).

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk

United States District Court

Post Office Box 2317

Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon**

**such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).