IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James G. Blakely,<br>*a/k/a Gary James Gatewood Blakely,*<br>*a/k/a Jimmy G. Blakely*,<br><br>        Plaintiff,<br><br>vs.<br><br>Ann Hallman, Chief Grievance Coordinator;<br>Vera Jenkins, Grievance Coordinator; W.C.<br>McCabe, Warden; Ms. R. Monette, Business<br>Office; A/W McFadden; Ms. Percy, Business<br>Office; Ms. Thomas, Grievance Clerk,<br><br>        Defendants. | Civil Action No.: 5:12-1289-MGL<br><br>**ORDER AND OPINION** |

  Plaintiff James G. Blakely ("Plaintiff"), proceeding, *pro se* and *in forma pauperis*, is currently incarcerated at McCormick Correctional Institution of the South Carolina Department of Corrections. On May 7, 2012, Plaintiff filed this civil action against Ann Hallman, Chief Grievance Coordinator, Vera Jenkins, Grievance Coordinator, W.C. McCabe, Warden, Ms. R. Monette, Business Office, A/W McFadden, Ms. Percy, Business Office, and Ms. Thomas, Grievance Clerk, ("Defendants"). (ECF No. 1.) Plaintiff complains of alleged constitutional violations that occurred while he was incarcerated at Lieber Correctional Institution. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B) D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling. On February 13, 2013, Magistrate Judge West issued a Report and Recommendation recommending *inter alia* that the Court dismiss Plaintiff's complaint without prejudice and service of process as Plaintiff pursues claims which are not cognizable under 42 U.S.C. § 1983 and he has failed to state a claim upon which relief can be granted. (ECF No. 56 at 5, 6.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. Plaintiff was advised of his right to file objections to the Report and Recommendation. (ECF No. 56 at 8-9.) Plaintiff filed no objections and the time for doing so expired on March 4, 2013. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After a careful review of the record, the applicable law, and the Report and Recommendation, the Court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is adopted and incorporated herein by reference and this action is DISMISSED without prejudice and without service of process.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
March 29, 2013